UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NORTHFIELD INSURANCE COMPANY,

                     Plaintiff,

-v.-

AGO & ALAUDIN GENERAL
CONTRACTING CORP. et al.,

                     Defendants.

25 Civ. 1774 (JHR)

ORDER

JENNIFER H. REARDEN, District Judge:

      Plaintiff Northfield Insurance Company brings this action against Defendants Ago & Alaudin General Contracting Corp., Muslim American Society of Brooklyn and Staten Island Inc., Thomas Lleshi, and Age Lleshi, "seek[ing] a declaration that it is not obligated to defend or indemnify A&A or any other party in a lawsuit." *See* ECF No. 1 (Compl.) ¶ 1. The Complaint invokes the Court's diversity jurisdiction. *See Id.* ¶ 8; 28 U.S.C. § 1332. With respect to the amount-in-controversy requirement, the Complaint alleges only that "the amount in controversy exceeds the sum of $75,000 exclusive of costs." *Id.* ¶ 8; *see also id.* ¶¶ 13-14 (averring that the Northfield policy in question provides "coverage for 'bodily injury' or 'property damage' caused by an 'occurrence' that takes place within the 'coverage territory' during the policy period [of March 31, 2022 to March 31, 2023]").

      That allegation does not suffice. "Where a party seeks declaratory relief, . . . 'the amount in controversy is measured by the value of the object of the litigation.'" *Lighton Industries, Inc. v. Allied World Nat'l Assurance Co.*, 348 F. Supp. 3d 167, 181 (E.D.N.Y. 2018). Where, as here, the declaratory relief sought pertains to "the applicability of an insurance policy, . . . the jurisdictional amount in controversy is measured by [reference to] the value of the underlying claim." *Scottsdale Ins. Co. v. Acceptance Indemnity Ins. Co.*, No. 19 Civ. 7294 (RA), 2019 WL

6498316, at *3 (S.D.N.Y. Dec. 3, 2019) (internal quotation marks omitted); *accord Mt. Hawley Ins. Co. v. Pioneer Creek B LLC*, No. 20 Civ. 150 (ALC), 2021 WL 4427016, at *4 (S.D.N.Y. Sept. 27, 2021) (internal quotation marks omitted) ("In an action for declaratory relief involving the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim—not the face amount of the policy)."

The Complaint is devoid of allegations sufficient to "show that there is 'a reasonable probability that the claim is in excess of [$75,000].'" *Union Mut. Fire Ins. Co. v. Morningstar Richmond LLC*, 2023 WL 8003333, at *1 (E.D.N.Y. Nov. 17, 2023) (quoting *United Food & Comm. Workers Union v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 304-05 (2d Cir. 1994)).  Absent allegations regarding the "cost of defending the underlying action and indemnifying [Plaintiff] from the underlying claim," which cannot be found in either the Complaint or the state court complaint (attached as an Exhibit to the pleadings in this action, *see* ECF No. 1-2), "the Court only can speculate" that the amount in controversy "exceed[s]" $75,000, "which is impermissible." *Id.* at *2.

Accordingly, it is hereby ORDERED that, on or before **April 14, 2025**, Plaintiff shall file an affidavit that adequately alleges the amount-in-controversy jurisdictional prerequisite.  If, by that date, Plaintiff is unable to truthfully and plausibly allege that diversity jurisdiction is proper,

then **the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party**.

    SO ORDERED.

Dated: April 4, 2025
       New York, New York

                                            JENNIFER H. REARDEN
                                            United States District Judge