UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NORTHFIELD INSURANCE COMPANY,

                    Plaintiff,

          -v.-

AGO & ALAUDIN GENERAL
CONTRACTING CORP. et al.,

                    Defendants.

25 Civ. 01774 (JHR)

DEFAULT JUDGMENT

JENNIFER H. REARDEN, District Judge:

Plaintiff Northfield Insurance Company filed the Complaint in this insurance coverage action on March 3, 2025. ECF No. 1. Plaintiff served Defendant Ago & Alaudin General Contracting Corporation and Defendant Muslim American Society of Brooklyn and Staten Island, Inc. (together, the "Corporate Defendants") on March 7, 2025. ECF Nos. 12-13. The Corporate Defendants' answers were therefore due on March 28, 2025. *Id.*; *see also* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint."). Upon Plaintiff's applications, ECF Nos. 17, 19, the Court extended Plaintiff's deadline to serve Defendants Thomas Lleshi and Age Lleshi (together, the "Individual Defendants"), *see* ECF No. 18, and permitted Plaintiff to serve the Individual Defendants through email service on their attorney in the underlying personal injury action, Eric Morrisson of Morrisson & Wagner LLP, *see* ECF No. 20. On July 15, 2025, Plaintiff served the Individual Defendants in accordance with the Court's Order. ECF No. 21. The Individual Defendants' answers were therefore due on August 5, 2025. *Id.*; *see also* Fed. R. Civ. P. 12(a)(1)(A)(i). None of the Defendants has responded to the Complaint or otherwise appeared.

Upon Plaintiff's application, ECF Nos. 26-31, on October 8, 2025, the Clerk of Court issued certificates of default as to each Defendant, ECF Nos. 32-34. On October 22, 2025,

Plaintiff filed a motion for a default judgment, as well as a memorandum of law and supporting declarations. *See* ECF No. 38. Plaintiff served its motion papers on the Corporate Defendants by regular mail pursuant to Federal Rule 5(b)(2)(C) and on the Individual Defendants by email, in accordance with the Court's Order, ECF No. 20. *See* ECF No. 39. On December 2, 2025, the Court directed Defendants to file any opposition to the motion for a default judgment by December 12, 2025. ECF No. 41. Plaintiff served Defendants with the Court's December 2 Order on December 4, 2025. ECF No. 42. Defendants did not oppose the motion.

The Court has reviewed Plaintiff's motion for a default judgment and supporting submissions. ECF No. 38. "Because proof of service has been filed; Defendants have failed to answer the Complaint; the time for doing so has expired; and Defendants have failed to appear to contest the entry of a default judgment, the Court enters a default judgment for Plaintiff against Defendants on all claims, with declaratory . . . relief, plus costs, interest, and attorneys' fees to be determined at an inquest." *Yung Xu v. Kealoha Sushi Inc.*, No. 19 Civ. 11885 (PAE), 2021 WL 1753749, at *1 (S.D.N.Y. May 4, 2021) (granting default judgment).

By separate Order, the Court will refer this case to Magistrate Judge Barbara Moses for an inquest. By **January 15, 2025**, Plaintiff shall serve this Order upon Defendants and file an affidavit reflecting such service.

The Clerk of Court is directed to terminate ECF No. 38.

SO ORDERED.

Dated: January 10, 2026
New York, New York

_____
JENNIFER H. REARDEN
United States District Judge

2