UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NORTHFIELD INSURANCE COMPANY,

               Plaintiff,

          -v.-

AGO & ALAUDIN GENERAL
CONTRACTING CORP. et al.,

               Defendants.

25 Civ. 01774 (JHR)

MEMORANDUM OPINION &
ORDER

JENNIFER H. REARDEN, District Judge:

Before the Court is Plaintiff's Motion to Reconsider, Amend, Alter and Clarify the Court's Default Judgment "by entering judgment granting the declaratory relief sought by [Plaintiff], deleting all references to monetary relief, and vacating the directive for an inquest." ECF No. 49 at 5-6. For the following reasons, Plaintiff's motion is denied.

**BACKGROUND**[1]

Plaintiff Northfield Insurance Company filed this insurance coverage action on March 3, 2025. ECF No. 1. The complaint seeks a judgment "[d]eclaring that no coverage is owed" under the subject insurance policy; "[d]eclaring that Northfield owes no duty to defend or indemnify" Defendants; "[d]eclaring that Northfield is not liable to pay or satisfy any claims, judgments, or awards" in connection with the underlying personal injury action; and "[g]ranting an award in favor of [Plaintiff] for the costs of suit incurred herein." ECF No. 1 at 7. Defendants were properly served but failed to respond to the complaint. *See* ECF No. 43 (detailing Defendants' failure to answer).

On October 22, 2025, Plaintiff filed a motion for a default judgment, along with a

---

[1] Familiarity with the procedural framework set forth in the Court's Order of Default Judgment, *see* ECF No. 43, is assumed.

memorandum of law and supporting declarations.  *See* ECF No. 38.  Plaintiff requested a

judgment, *inter alia*, "granting [Plaintiff] the costs and disbursements of this action."  ECF No.

38 at 2.  On January 10, 2026, upon finding that "proof of service ha[d] been filed; Defendants

ha[d] failed to answer the Complaint; the time for doing so ha[d] expired; and Defendants ha[d]

failed to appear to contest the entry of a default judgment, the Court enter[ed] a default judgment

for Plaintiff against Defendants on all claims[.]"  *See* ECF No. 43 (citing *Yong Xu v. Kealoha*

*Sushi Inc.*, No. 19 Civ. 11885 (PAE), 2021 WL 1753749, at *1 (S.D.N.Y. May 4, 2021)).[2]  In

light of Plaintiff's request for costs in the complaint, *see* ECF No. 1 at 7, and in its Notice of

Motion for a default judgment, *see* ECF No. 38 at 2, the Court referred the case to Magistrate

Judge Barbara C. Moses for an inquest as to declaratory relief, costs, interest, and attorneys' fees.

*See* ECF No. 43 at 2; ECF No. 44.

On February 9, 2026, Plaintiff brought the instant motion, seeking to "withdraw[] its

request for recovery [of] monetary damages in this action" and, as previously noted, requesting

that the Court "modify the [Default Judgment] Order . . . by entering judgment granting the

declaratory relief sought by Northfield, deleting all references to monetary relief, and vacating

the directive for an inquest."  ECF No. 49 at 5-6.  Plaintiff now asserts that its requests for costs

---

[2] In the Default Judgment Order, when quoting *Yong Xu v. Kealoha Sushi Inc.*, the Court
inadvertently misplaced a quotation mark and neglected to bracket certain minor changes to the
text.  *See* ECF No. 43.  The relevance of *Yong Xu* was Judge Engelmayer's entry of a default
judgment on the same grounds as here: "proof of service ha[d] been filed, defendants ha[d] not
answered the complaint, the time for answering the complaint ha[d] expired, and defendants
[had] failed to appear to contest entry of a default judgment for that purpose."  *Yong Xu*, 2021
WL 1753749, at *1.  Plaintiff highlighted that the plaintiff in *Yong Xu*, unlike in the instant
matter, "did not seek declaratory relief" and instead "made two separate motions—'a motion for
a default judgment' and 'a motion for attorneys' fees and costs.'"  ECF No. 49 at 14 (quoting
*Yong Xu*, 2021 WL 1753749, *1.  That distinction, however, was irrelevant to the Court's
decision to refer this matter for an inquest, particularly in light of Plaintiff's request in the
complaint and repeated in the Notice of Motion, to recover costs and disbursements.  *See*
Discussion, *infra* at 3-4.

and disbursements were "inadvertently included." *Id.* at 6.

## LEGAL STANDARD

Reconsideration of an earlier decision is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Beaumont v. Vanguard Logistics Servs. (USA), Inc.*, No. 22 Civ. 6235 (MKV), 2023 WL 8355437, at *1 (S.D.N.Y. Dec. 1, 2023) (quoting *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011)) (denying reconsideration).  To succeed on such a motion, Plaintiff "carries a heavy burden." *In re Taneja*, No. 17 Civ. 9429 (JGK), 2019 WL 1949839, at *1 (S.D.N.Y. Apr. 19, 2019).  Reconsideration will generally be denied "unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Beaumont*, 2023 WL 8355437, at *1 (quoting *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).  The decision to grant or deny reconsideration "rests within the sound discretion of the district court." *Id.* (quoting *Vincent v. Money Store*, No. 03 Civ. 2876 (JGK), 2014 WL 1673375, at *1 (S.D.N.Y. Apr. 28, 2014)).

## DISCUSSION

Plaintiff advances two arguments.  First, Plaintiff contends that "the Court overlooked controlling law and facts that compel the grant of the declaratory relief [Plaintiff] seeks."  ECF No. 49 at 9.  The Court has not denied Plaintiff any relief, however—declaratory or otherwise.  The default judgment order in *Continental Insurance Company v. Huff Enterprises, Inc.*, No. 07 Civ. 3821 (NGG), 2009 WL 3756630, at *5 (E.D.N.Y. Nov. 6, 2009), is instructive.  Similar to the instant matter, *Continental Insurance Company* concerned "a straightforward insurance coverage dispute, in which [p]laintiff claim[ed] that its insurance contract d[id] not cover the

dispute at issue in the [underlying] action." *Id.* After determining that the defendant was in default, the *Continental Insurance Company* court explained:

> In this declaratory judgment case, the issues of liability and declaratory relief are intertwined. Should judgment for Plaintiff be appropriate based on the meaning of the contract at issue, the finding of liability would enable the court to grant the relief requested in Plaintiff's Complaint. *See* Fed. R. Civ. P. 54(c). But, to do so, the court would have to determine what forms and manner of requested relief are warranted, as well as which parties the Complaint establishes liability against. Under these circumstances, the court considers an inquest to be the best mechanism to determine whether judgment should enter and what [] particular relief it should contain. Plaintiff can present evidence and argument on the merits of its claims, as well as the propriety of declaratory or other relief.

*Id.* "Based on the foregoing," the *Continental Insurance Company* court "referred [the matter] to [the designated] Magistrate Judge [ ] for an inquest on whether relief [wa]s warranted and, if so, what type of relief [wa]s appropriate." *Id.* So too here. The Court has "inherent authority" to do so, to promote "the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (discussing that the "[Supreme] Court has long recognized that a district court possesses inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *see also* Fed. R. Civ. P. 1 (instructing district courts "to secure the just, speedy, and inexpensive determination of every action and proceeding"). Indeed, in the context of entering a default judgment, "[t]he [C]ourt may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . establish the truth of any allegation by evidence; or investigate any other matter." Fed. R. Civ. P. 55(b)(2)(C)-(D).

Second, Plaintiff asks that the Order "be modified to delete all references to monetary relief and withdraw the referral to inquest" because its papers "inadvertently included" requests for such relief. ECF No. 49 at 13. Such a modification is not necessary. If Plaintiff does not wish to recover money damages in this action, Plaintiff may so inform Judge Moses in its submission of proposed findings of fact and conclusions of law. *See* ECF No. 46 (Scheduling

Order For Damages Inquest).  Magistrate Judges in this District routinely evaluate the propriety of declaratory relief in implementing a referral for inquest following entry of a default judgment. *See, e.g., Macquarie Mexico Real Estate Management S.A. de C.V. v. Hoiston Intl. Enters.*, No. 20 Civ. 8383 (JGK) (KNF), 2021 WL 4952693, at *9 (S.D.N.Y. Oct. 1, 2021), *report and recommendation adopted*, 2021 WL 4951764 (S.D.N.Y. Oct. 25, 2021); *American Empire Surplus Lines Ins. Co. v. Uplift Elevator of NY Inc.*, No. 20 Civ. 3246 (PGG) (KNF), 2021 WL 7709971 (S.D.N.Y. May 26, 2021), *report and recommendation adopted*, 2023 WL 1466625 (S.D.N.Y. Feb. 1, 2023); *Steele v. Bell*, No. 11 Civ. 9343 (RA) (RLE), 2014 WL 13110362, *4 (S.D.N.Y. Mar. 3, 2014), *report and recommendation adopted*, 2014 WL 1979227 (S.D.N.Y. Mar. 28, 2014).  Should Plaintiff disagree with Judge Moses's forthcoming recommendation regarding "whether relief is warranted and, if so, what type of relief is appropriate," *Continental Ins. Co.*, 2009 WL 3756630, at *5, it may submit objections in due course in accordance with Federal Rule 72(b)(2).

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Motion to Reconsider, ECF No. 47, is denied.  The Clerk of Court is directed to terminate ECF No. 47.

SO ORDERED.

Dated:  March 6, 2026
New York, New York

_____
JENNIFER H. REARDEN
United States District Judge

5